IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00521-WJM-MJW

CIVILITY EXPERTS WORLDWIDE,

Plaintiff,

v.

MOLLY MANNERS, LLC,
APRIL ROLLINS,
LOYCE RIGGANS,
ALISON SMITH,
FELICIA KNOWLES,
SHANNON COMBS, and
MONIKA VIRTA-GUPTA,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      It is hereby ORDERED that Plaintiff's Motion to Execute Docket Numbers 65, 66, 67, 68, and 69 (Docket No. 112) is DENIED, for the following reasons.

      Under Federal Rule of Civil Procedure 41(a)(1)(A), a stipulated dismissal of claims is operative without a court order.  Accordingly, on July 20, 2015, in response to the stipulations filed in Dockets No. 65 through 69, the Clerk of Court terminated Defendants Tanya Maclin, Pia Richardson, Lisa Cozzocrea, Elizabeth Hazel, and Bree Stillman as Defendants on the CM/ECF docket.  The stipulations themselves effected the dismissals, and the Clerk has updated the docket sheet to reflect those dismissals.  The same result occurred as to then-Defendants Alicia Leverette and Cathy Hulshof, who were dismissed from this case by Dockets No. 88 and 102 by operation of Federal Rule of Civil Procedure 41(a)(1)(A), and who were terminated as Defendants on the CM/ECF docket on August 20, 2015, and August 28, 2015, respectively.

      Under Federal Rule of Civil Procedure 41(a)(1)(B), the stipulations operate as dismissals *with prejudice* because the stipulations so state.

      The stipulations also purport to dismiss all counterclaims that could have been brought by these Defendants against Plaintiff.  The proposed orders that Plaintiff now asks the Court to execute would enter judgment dismissing all such counterclaims with prejudice, under Federal Rule of Civil Procedure 54(b).  The Court is unaware of any

authority allowing it to enter judgment on claims that have not been asserted.  To the extent Plaintiff wishes to protect itself against such claims, it will have to rely on res judicata and the signed settlement agreements, rather than an express order of this Court.

Date: September 16, 2015