IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-00521-WJM-MJW

CIVILITY EXPERTS WORLDWIDE,

Plaintiff,

v.

MOLLY MANNERS, LLC,
APRIL ROLLINS,
LOYCE RIGGANS,
ALISON SMITH,
FELICIA KNOWLES,
SHANNON COMBS, and
MONIKA VIRTA-GUPTA,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that:

- The parties' Stipulated Motion and Order (Docket No. 151) is GRANTED for the reasons set forth below;

- April Rollins and Tanya Maclin are each permitted to intervene under Fed. R. Civ. P. 24(b);

- Docket No. 151-1 (Complaint in Intervention of April Rollins) is ACCEPTED FOR FILING; and

- Docket No. 151-2 ((Complaint in Intervention of Tanya Maclin) is ACCEPTED FOR FILING.

Federal Rule of Civil Procedure 24(b)(1)(B) provides that, on timely motion, the court may permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). The decision whether or not to grant a motion for permissive intervention is within the district court's sound discretion. *See, e.g.*, *City of Stilwell v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996). In exercising this discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the

original parties' rights." Fed.R.Civ.P. 24(b)(3).  Further,

> In deciding whether permissive intervention is warranted once the threshold requirement of a common question of law or fact is satisfied, courts may consider such factors as: "(1) whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights; (2) whether the would-be intervenor's input adds value to the existing litigation; (3) whether the petitioner's interests are adequately represented by the existing parties; and (4) the availability of an adequate remedy in another action."

*Lower Arkansas Valley Water Conservancy Dist. v. United States*, 252 F.R.D. 687, 690-91 (D. Colo. 2008) (quoting *United States v. N. Colo. Water Conservancy Dist.*, 251 F.R.D. 590, 598 (D.Colo.2008)).

Here, based on the parties' stipulation and my own review of the case, I find that the factors easily weigh in favor of allowing permissive intervention.  Common questions of law and fact abound; there is no indication that any prejudice or delay would occur; and the intervenors add value to the case.  Indeed, both intervenors were previously named as defendants in this suit; plaintiff's claims against them have been settled, and they seek now only to assert what would have been entirely permissible cross-claims had they remained in the case in the first place.  Permissive intervention makes eminent good sense here.

Date: October 26, 2015