IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-00521-WJM-MJW

CIVILITY EXPERTS WORLDWIDE,

Plaintiff,

v.

CATHY HULSOF,
APRIL ROLLINS, and
TANYA MACLIN,

Intervenor Plaintiffs,

v.

MOLLY MANNERS, LLC,
FELICIA KNOWLES,
SHANNON COMBS, and
MONIKA VIRTA-GUPTA,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Molly Manners LLC's Motion for Leave to Amend Its First Amended Counterclaim Against Plaintiff/Counterclaim Defendant Civility Experts Worldwide (Docket No. 241) is DENIED.

When the deadline for amending pleadings has passed, the moving party has to meet the standards of both Fed. R. Civ. P. 15(a)(2) and Fed. R. Civ. P.  16(b)(4) before amending pleadings.  The "good cause" standard under Rule 16(b)(4) relates exclusively to due diligence:

> In practice, this standard requires the movant to show the "scheduling deadlines cannot be met despite [the movant's] diligent efforts."  Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.  If the plaintiff knew of the underlying conduct but simply failed to raise [the new] claims, however, the claims are barred.

*Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014) (internal citations omitted).

The other parties to this lawsuit were granted leave to amend after the deadline because they argued – and Molly Manners LLC did not contest – that the factual basis underlying the amendment had only recently become known and could not have been known earlier despite the exercise of due diligence. (Docket No. 235.)  Here, by contrast, Molly Manners LLC asserts no new or changed facts.  To be sure, a new affirmative defense has been raised by the other parties, in their newly amended pleadings.  But it is not at all clear why a new affirmative defense to Molly Manners LLC's existing claims would constitute sufficiently changed circumstances to warrant an entirely new claim by Molly Manners LLC.  For all appearances, Molly Manners LLC's counsel has simply had a change of heart as to litigation strategy.  This does not satisfy the standard under Rule 16(b)(4) -- regardless of whether counsel believes "the same courtesy" should be extended.

Date: February 25, 2016